FILED
United States Court of Appeals
Tenth Circuit

**July 1, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARJORIE A. CREAMER,

     Plaintiff - Appellant,

v.

LARNED STATE HOSPITAL; HIGH
PLAINS MENTAL HEALTH,

     Defendants - Appellees.

No. 13-3333
(D. Kansas)
(D.C. No. 5:13-CV-04125-JTM-DJW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Marjorie Creamer, proceeding pro se and *in forma pauperis* (IFP), filed suit

against the Larned State Hospital and High Plains Mental Health (Defendants) in the

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

United States District Court for the District of Kansas. Her pleadings, both in that court and on appeal, are almost incomprehensible. The district court noted the disconnect between her claim for unlawful discrimination under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*, and her allegations that Defendants had falsely imprisoned her and maintained false records about her. It issued an order for her to show cause why the action should not be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). The court quoted the Supreme Court's statement that "the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)," *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (footnotes omitted), and stated that she did not "plead an area of public life in which she was discriminated against on the basis of a disability." R. at 11. When Ms. Creamer did not respond in the allotted time, the court dismissed the case for failure to state a claim.

On appeal Ms. Cramer appears to assert that she did properly plead a claim under the ADA. "We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We employ the same standard we would employ under Fed. R. Civ. P. 12(b)(6), looking "to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218 (internal quotation marks omitted).

2

On appeal Ms. Creamer still does not show how her pleadings make out a plausible claim under the ADA. Typical of her brief is her statement that "what this case is about is the screening [High Plains Mental Health] discriminated along public enforcer by false medical records of the [High Plains Mental Health] employees and [Logan State Hospital] employees." Aplt. Br. at 6. As far as we can tell, she is complaining (1) that her medical records contain false information that she is homeless and has no income, (2) that her posttraumatic stress disorder was aggravated by an encounter with police in March 2013, and (3) that the police assaulted her and then "gave [Defendants] the control over her life and the false records of the therapist interview that day." R. at 6. But she does not explain how Defendants discriminated against her, or how such discrimination is covered by the ADA. We agree with the district court that Ms. Creamer has failed to plead a claim against Defendants.

We AFFIRM the district court's dismissal of Ms. Creamer's complaint. We DENY her "Motion if Plaintiff Would Experience Death."

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

3